**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Carlos RENDON–AGUDELO,**
**Defendant–Appellant.**

No. 10–50212.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2012.*

Decided June 7, 2012.

Corey G. Lee, Esquire, Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Joseph T. Vodnoy, Los Angeles, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, TROTT and THOMAS, Circuit Judges.

## MEMORANDUM **

Luis Carlos Rendon–Agudelo appeals his conviction for conspiring to import and distribute cocaine. We affirm.

### I

The evidence presented at trial was sufficient to convict Rendon–Agudelo. A defendant may be convicted of knowing participation in a conspiracy if the evidence establishes beyond a reasonable doubt "even a slight connection" between the defendant and the conspiracy. *United States v. Perlaza,* 439 F.3d 1149, 1177 (9th Cir.2006) (internal quotation marks omitted). In this case, the Government presented testimonial, photographic, audio, and video evidence of Rendon–Agudelo meeting and discussing the proposed cocaine shipments with the other conspirators. A rational juror could have concluded that Rendon–Agudelo was a co-conspirator based on this and other evidence introduced at trial.

### II

The district court did not err by admitting testimony about Rendon–Agudelo's ownership of a drug shipment. The judge struck the testimony, and promptly instructed the jury to disregard the witness's statement. *See* Supplemental Excerpts of Record at 671. Jurors are presumed to follow the court's instructions. *See Jones v. United States,* 527 U.S. 373, 400 n. 14, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

### III

The district court did not err by giving a jury instruction that incorporated language from *United States v. Causey,* 835 F.2d 1289, 1292 (9th Cir.1987). If a jury instruction fairly conveys the elements of the offense, this Court reviews its specific formulation for abuse of discretion. *United States v. Frega,* 179 F.3d 793, 806 n. 16 (9th Cir.1999). When the government charges a defendant with aiding and abetting under 18 U.S.C. § 2(b), "the government need not prove that someone other than the defendant was guilty of the substantive crime." *Causey,* 835 F.2d at 1292. Rendon–Agudelo was charged with aiding and abetting a Government informant's importation of cocaine into the United States. A defendant can be convicted of aiding and abetting an undercover informant where he directs the informant to undertake acts that would be criminal if the defendant undertook them himself. *See United*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*States v. Gould,* 419 F.2d 825, 826 (9th Cir.1969) (per curiam).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.